IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 09-cv-02058-CMA-KLM

GATES CORPORATION, a Delaware corporation,

    Plaintiff,

v.

DORMAN PRODUCTS, INC., a Pennsylvania corporation,

    Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE,
OR IN THE ALTERNATIVE, FOR LEAVE TO FILE A SURREPLY**

---

This matter is before the Court on Plaintiff's Motion to Strike, or In the Alternative, for Leave To File a Surreply (Doc. # 26). Plaintiff Gates Corporation contends that Defendant improperly raised new issues in its Reply in Support of the Motion to Dismiss. Plaintiff now asks the Court to either strike the new issues from the Reply Brief or grant Plaintiff leave to file a surreply. For the following reasons, the Court DENIES Plaintiff's Motion.

**I.**    <u>**BACKGROUND**</u>

Plaintiff Gates Corporation filed this action against Defendant Dorman Products, Inc. Both Plaintiff and Defendant are manufacturers and marketers of belt tensioners, a device which presses against a belt carrying rotary power from the engine crankshaft to automotive subsystems. This action arises from allegedly false and misleading

statements Defendant has made in connection with the advertising of its products. Plaintiff seeks injunctive relief, damages and attorney's fees based upon Defendant's alleged false advertising, deceptive trade practices and unfair competition.

On September 22, 2009, Defendant filed a Motion to Dismiss (Doc. # 8), pursuant to Fed. R. Civ. P. 12(b)(6), contending that Plaintiff's claims for false advertising, violation of Colorado's Deceptive Business Practices statute, and unfair competition are conclusory and lack any factual basis in support. (Doc. # 8).  In its Motion, Defendant cited to neither Rule 8(a) nor 9(b) of the Federal Rules of Civil Procedure, but relied on *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), in which the Supreme Court set forth that, under Fed. R. Civ. P. 8(a), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." (Doc. # 8 at 4-5).

On October 13, 2009, Plaintiff filed its Response to Defendant's Motion to Dismiss and argued that the Complaint meets Rule 8(a)'s and *Twombly*'s pleading standards. (Doc. # 10 at 6-11).  In particular, Plaintiff argued that the Complaint has given Defendant fair and proper notice of the asserted claims, as it contains factual support for the assertions. (Doc. # 10 at 7).  Plaintiff further argued that it is not required to detail all its evidence in the complaint and "may even violate the requirements of Rule 8(a)(2) by doing so." (*Id.*)

On November 17, 2009, Defendant replied to the arguments set forth in Plaintiff's Response Brief.  In pertinent part, Defendant argued that Fed. R. Civ. P. 9(b), not 8(a),

governs Plaintiff's claims that sound in fraud and, therefore, the claims must be pled with particularity. (Doc. # 24 at 4-6).

## II.   ANALYSIS

In the Motion to Strike, or in the Alternative, for Leave to File a Surreply, Plaintiff contends that Defendant raised new issues in its Reply Brief. In particular, Plaintiff contends that "Defendant advanced – for the very first time – an argument concerning the applicability of the increased pleading standards for fraud under Rule 9 of the Federal Rules of Civil Procedure[.]" (Doc. # 26 at 2). The Court disagrees that Plaintiff raised any new issues in its Reply Brief.

"Reply briefs *reply* to arguments made in the response brief – they do not provide the moving party a new opportunity to present yet another issue for the court's consideration." *Novosteel Sa v. United States*, 284 F.3d 1261, 1274 (Fed. Cir. 2002) (emphasis in the original). In the instant case, though Defendant first mentioned Fed. R. Civ. P. 9(b) in its Reply Brief, it did so as a direct rebuttal to Plaintiff's contention in the Response Brief that the pleading requirements of Fed. R. Civ. P. 8(a) govern. *See Alpine Bank v. Hubbell*, No. 05-cv-00026, 2007 WL 219121, at *3 (D. Colo. Jan. 26, 2007) (finding that arguments presented in a reply brief were not new, as they directly rebutted arguments presented in a response brief). Further, Defendant's Motion to Dismiss is predicated on the notion that the Complaint is based on conclusory allegations and fails to plead any facts with particularity. Thus, the applicable pleading

standard issue was not newly-presented to the Court in Defendant's Reply Brief. The Defendant first presented the issue in its Motion to Dismiss.

For the foregoing reasons, it is ORDERED that Plaintiff's Motion to Strike, or In the Alternative, for Leave To File a Surreply (Doc. # 26) is DENIED.

DATED: December  7 , 2009

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge