**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 09-cv-02058-CMA-KLM

GATES CORPORATION, a Delaware corporation,

    Plaintiff,

v.

DORMAN PRODUCTS, INC., a Pennsylvania corporation,

    Defendant.

_____

**ORDER DENYING DEFENDANT DORMAN PRODUCTS, INC.'S MOTION FOR RECONSIDERATION OF OPINION AND ORDER REGARDING DEFENDANT'S MOTION TO DISMISS**
_____

    This matter is before the Court on Defendant Dorman Product, Inc.'s Motion for Reconsideration of Opinion and Order Denying Defendant's Motion to Dismiss. (Doc. # 40).

    Plaintiff Gates Corporation filed its Complaint on August 28, 2009, asserting three claims for false advertising (Claims I-III), two claims for deceptive business practices under the Colorado Revised Statutes (Claims IV and V), and one claim for common law unfair competition (Claim VI), all arising from claims that Defendant made in connection with the marketing of its automatic belt tensioners. On December 18, 2009, the Court denied Defendant's Motion to Dismiss insofar as it relates to Plaintiff's claims for false advertising and deceptive business practices (Claims I-V) (the

"December 18 Order"). (Doc. # 34). The Court granted Defendant's Motion insofar as it relates to Plaintiff's common law unfair competition claim (Claim VI).

On January 4, 2010, Defendant filed the instant Motion to Reconsider the Court's dismissal of Claims II and III (false advertising), and V (deceptive business practices), pursuant to Fed. R. Civ. P. 60(b). For the following reasons, the Court DENIES Defendant's Motion.

**I.    STANDARD OF REVIEW**

Rule 60(b) permits this Court to reconsider an order due to, among other things, a substantive "mistake of law or fact" by the Court, "newly discovered evidence that, with reasonable diligence, could not have been [previously] discovered," or as a result of "any other reason that justifies relief." Fed.R.Civ.P. 60(b); *see also Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999); *Andrews v. State of Colorado*, No. 06-cv-01738, 2009 WL 3271177, *2 (D. Colo. Oct. 9, 2009). "[R]elief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990). Reconsideration is not a tool for parties to "reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996).

## II. PLAINTIFF HAS ADEQUATELY PLED THE CLAIMS AT ISSUE

### A. Plaintiff's False Advertising Claims

In the instant case, Defendant contends that the court erred in finding that Plaintiff stated the necessary facts for a false advertising claim under 15 U.S.C. § 1125(a)(1) and a claim under the Colorado Consumer Protection Act (C.R.S. § 6-1-105).

Defendant contends that the Court erred in finding that Plaintiff alleged sufficient facts in support of the third element of a false advertising claim (tendency to deceive a substantial segment of the audience).[1] In particular, Defendant states that its "advertisements are directed to a target audience of wholesalers and retailers whose sophistication and knowledge about belt tensioners in the aftermarket surpass that of the general public." (Doc. # 40 at 4).

---

[1] As set forth in the Court's December 18 Order, in order to survive a motion to dismiss, a party asserting a false advertising claim under Section 1125(a)(1) must plead facts sufficient to show that:
    (1)    defendant made a false or misleading description of fact or representation of fact in a commercial advertisement about its own or another's product;
    (2)    the misrepresentation is material, in that it is likely to influence the purchasing decision;
    (3)    the misrepresentation actually deceives or has the tendency to deceive a substantial segment of the audience;
    (4)    the defendant placed the false or misleading statement in interstate commerce; and
    (5)    plaintiff has been or is likely to be injured as a result of the misrepresentation, either by direct diversion of sales or by a lessening of goodwill associated with its products.
See *Zoller Labs., LLC v. NBTY, Inc.*, 111 Fed. Appx. 978, 982 (10th Cir. 2004).

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___ 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

Defendant's allegations concerning its target or intended audience is irrelevant to the Court's assessment of whether to grant or deny a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  The court must not weigh *potential* evidence, but whether the complaint alone is legally sufficient to state a claim for relief.  *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir.1999).  Though the complaint does not provide information for the court to determine the actual audience of Defendant's ads, Plaintiff has alleged that the representations were made in commerce (Doc. #1, ¶ 21).  Further, the Complaint indicates that Defendant marketed its products on the Internet.  (*Id.*, ¶ 4).  Plaintiff is a manufacturer of automatic belt tensioners for original equipment manufacturers <u>and</u> the automotive aftermarket.  Defendant offers for sale and sells automatic best tensioners for the automotive aftermarket.  (*See* Doc. #1, ¶¶ 9, 10). Though Defendant's products are not intended for original equipment manufacturers, Defendant allegedly uses phrases such as "OE Solutions", "OE Quality", and "OE Performance" in conjunction with its marketing efforts.  (*Id.*, ¶15).  Thus, it is plausible that, at the very least, consumers will encounter Defendant's website when

4

conducting Internet searches for original equipment, or original equipment-quality, automatic belt tensioners.  Further, Plaintiff has pled that it has suffered a loss of profits as a result of Defendant's misinformation about Defendant's products.  (*Id.*, ¶ 16).  Given the aforementioned facts, it is plausible that Plaintiff's actual or potential consumers have encountered Defendant's ads and, therefore, comprise a segment of the audience for said ads.  Though discovery may reveal that actual or potential purchasers of original equipment or original equipment-quality automatic belt tensioners do not largely comprise the audience of Defendant's ads, such matters are properly addressed at the summary judgment stage and not the present motion to dismiss stage.

### B.   Plaintiff's Colorado Consumer Protection Act Claim

Defendant also contends that the Court erred in finding that Plaintiff sufficiently pled the third element of a Colorado Consumer Protection Act (CCPA) claim.[2]  In particular, Defendant states that its "target audience is not the general public"; its "market advertisements are aimed at a specific, special audience".  (*Id.* at 6).

---

[2]  A party asserting a claim under the Colorado Consumer Protection Act must allege that:
(1)   the defendant engaged in an unfair or deceptive trade practice;
(2)   the challenged practice occurred in the course of defendant's business, vocation, or occupation;
(3)   it significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property;
(4)   the plaintiff suffered injury in fact to a legally protected interest;
(5)   the challenged practice caused plaintiff's injury.

*Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 146-47 (Colo. 2003) (internal quotation marks omitted).

The Colorado Supreme Court has previously held "misrepresentations directed to the market generally, taking the form of widespread advertisement and deception of actual and prospective purchasers" satisfies the public impact element of a CCPA claim. *Hall v. Walter*, 969 P.2d 224, 235 (Colo. 1998) (discussing public impact of defendant's widely-advertised misrepresentations concerning alleged easements on plots of land). In contrast, misrepresentations made in a private transaction do not satisfy the public impact element. *Martinez v. Lewis*, 969 P.2d 213, 221-222 (Colo. 1998). Further, the Colorado Supreme Court has construed "consumer" to mean "a person who has been exposed to [the defendant's] violations and either purchases merchandise or undertakes other activities in reliance on advertisement." *Hall*, 969 P.2d at 231; *May Dep't Stores Co. v. State ex rel. Woodard*, 863 P.2d 967, 973-74 (Colo. 1993). The CCPA's function "requires an impact on the public as consumers of the defendant's goods, services, or property." *Hall*, 969 P.2d at 234. In the instant dispute, Plaintiff has alleged that Defendant's misrepresentations were made in commerce. (Doc. # 1, ¶ 21). The Complaint also suggests that Defendant uses the Internet to market its products. (Doc. # 1 at 4). Based on the allegations contained within the four corners of the Complaint, Defendant's misrepresentations were made in the wide open marketplace for automatic belt tensioners. Therefore, the Court finds that Plaintiff has sufficiently pled the public impact requirement.

Accordingly, for the foregoing reasons, it is ORDERED that Defendant's Motion for Reconsideration of Opinion and Order Denying Defendant's Motion to Dismiss (Doc. # 40) is DENIED.

DATED:  January  22 , 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge